UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: _____

T‌V G‌LASS C‌ORP.,

    Plaintiff,

v.

BES A‌SSOCIATES C‌ORP. A‌ND
E‌USEBIO P‌AREDES,

    Defendants.
_____/

## COMPLAINT

Plaintiff TV Glass Corp. ("Plaintiff" or "TV Glass") hereby files this Complaint and sues Defendants BES Associates Corp. ("BES") and Eusebio Paredes ("Mr. Paredes").

### INTRODUCTION

1.    TV Glass brings this action against BES for breach of a Settlement Agreement and against Mr. Paredes for breach of his personal guaranty of BES's payment obligations under the Settlement Agreement.[1]

### PARTIES

2.    TV Glass is a Delaware corporation with its principal place of business in Illinois.

3.    BES is a Florida corporation with its headquarters and principal place of business in Miami-Dade County, Florida.

4.    Mr. Paredes is a citizen of Florida, who resides in Miami-Dade County.

---

[1] *See* Settlement Agreement and Personal Guaranty, attached as **E‌XHIBIT A**.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendants in this action because: Defendants operate, conduct, engage in, or carry on a business or business venture in Florida; Defendants are engaged in substantial and not isolated activity within Florida; and this action arises out of the Settlement Agreement and the Personal Guaranty which contain provisions by which Defendants agree to submit to the jurisdiction of the courts of Florida.[2]

6. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states – *i.e.*, TV Glass is a citizen of Delaware and of Illinois and Defendants are citizens of Florida.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(1)-(2) because: (a) BES is a Florida corporation with its headquarters and principal place of business in Miami-Dade County, Florida; (b) Mr. Paredes is a resident and citizen of Miami-Dade County, Florida; and (2) a substantial part of the events or omissions giving rise to this action occurred in Miami-Dade County, Florida.

---

[2] *See* Settlement Agreement ¶ 14 and p. 6.

## GENERAL ALLEGATIONS

### The Settlement Agreement and The Personal Guaranty

8. On or about July 19, 2021, TV Glass and BES entered into the Settlement Agreement.

9. The Settlement Agreement provides, in pertinent part, as follows:

   a. "BES hereby agrees to pay (or cause to be paid) to TV Glass the sum of $363,857.28 plus interest (the 'Settlement Consideration')."[3]

   b. "BES shall pay the Settlement Consideration in installments (hereinafter, 'Installment Payment') pursuant to the schedule attached hereto as Exhibit 1 (the 'Schedule')."[4]

   c. "The Parties stipulate and agree that the Settlement Consideration shall continue to accrue interest at the rate of five percent (5%) per annum as shown and which shall be paid pursuant to the Schedule."[5]

   d. "If BES fails to make an Installment Payment under ¶2 of this [Settlement] Agreement (hereinafter, a 'Missed Payment') by the due date indicated on the Schedule (the 'Missed Due Date'), BES shall immediately be in default of this [Settlement] Agreement ('Default')."[6]

   e. "In the event of a Default, BES may cure the Default by making a payment as directed in ¶2(d) of the [Settlement] Agreement-within five business days of the Missed Due Date (the 'Cure Period') of the following: (a) the amount of the Missed Payment due as of the Missed Due Date; and (b) liquidated damages in the amount of $150 per each day that BES is in Default over the Course of the cure Period."[7]

---

[3]*See* Settlement Agreement ¶ 2a.

[4]*See* Settlement Agreement ¶ 2b.

[5]*See* Settlement Agreement ¶ 2c.

[6]*See* Settlement Agreement ¶ 4a.

[7]*See* Settlement Agreement ¶ 4b.

    f. "If the Default is not cured prior to the expiration of the Cure Period, the entire outstanding balance of the Settlement Consideration plus all liquidated damages accrued shall immediately become due and payable, and which shall accrue interest at the daily rate of eighteen percent (18%) per annum."[8]

10. Also on or about July 19, 2021, Mr. Paredes executed the Personal Guaranty component of the Settlement agreement pursuant to which Mr. Paredes agreed to "unconditionally guarantee[] prompt payment of all obligations under [the] Settlement Agreement by [BES] to [TV Glass]."[9]

## Breach of the Settlement Agreement

11. Pursuant to the Settlement Agreement, the first Installment Payment in the amount of $31,148.91 was due on July 30, 2021.

12. On or slightly prior to that date, BES made a payment in the amount of $14,228.80, which was less than the amount due, but reduced the amount due and owing to $349,528.48.

13. Subsequently, however, BES failed to pay the balance of the first Installment Payment and, in fact, has failed to make any of the other payments due to TV Glass pursuant to the Settlement Agreement.

14. Thus, BES is in default of the Settlement Agreement.

15. Indeed, as of November 10, 2021, BES still has not made any other payments to TV Glass pursuant to the terms of the Settlement Agreement.

16. Hence, as of November 10, 2021, BES is in breach of the Settlement Agreement.

---

[8] *See* Settlement Agreement ¶ 4c.

[9] *See* Settlement Agreement at p. 6

**Breach of the Personal Guaranty**

17. Also as of November 10, 2021, Mr. Paredes has not made any payment or otherwise met his obligations as a personal guarantor of BES's obligations under the Settlement Agreement.

18. Mr. Paredes's obligations as a personal guarantor of BES's obligations under the Settlement Agreement are absolute and unconditional.[10]

19. Hence, Mr. Paredes is in breach of his obligations as a personal guarantor of the Settlement Agreement.

20. All conditions precedent to the commencement of this action have been satisfied.

21. As a result of the foregoing actions and conduct on the part of Defendants, Plaintiff has been forced to retain the undersigned counsel and is obligated to pay a reasonable fee for counsel's services.

## COUNT I
### BREACH OF CONTRACT AGAINST BES

22. TV Glass hereby re-alleges and re-incorporates paragraphs 1 – 21 as if fully set forth herein.

23. The Settlement Agreement is a valid contract between TV Glass and BES.

24. BES failed to make the Installment Payment due on July 30, 2021, such that BES defaulted on the Settlement Agreement.

25. Pursuant to the Settlement Agreement, BES's failure to cure the default, renders "the entire outstanding balance of the Settlement Consideration plus all liquidated damages accrued [] immediately [] due and payable."[11]

---

[10] *See* Settlement Agreement at p. 6.

[11] *See* Settlement Agreement ¶ 4c.

26. TV Glass has suffered damages as a result of BES's breach of the Settlement Agreement.

27. BES is liable to TV Glass for the entire amount of the Settlement Consideration, $349,528.48, plus all liquidated damages, all of which accrue interest at the rate of eighteen percent (18%) per annum.

**WHEREFORE**, TV Glass demands judgment against BES for compensatory damages in the amount of $349,528.48, plus liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and all such other and further relief as the Court deems just and proper.

## COUNT II
### BREACH OF CONTRACT AGAINST MR. PAREDES

28. TV Glass hereby re-alleges and re-incorporates paragraphs 1 – 21 as if fully set forth herein.

29. Mr. Paredes personally guaranteed the Settlement Agreement and is liable for all payments owed by BES to TV Glass.[12]

30. BES has breached the Settlement Agreement by failing to make any payments to TV Glass owed thereunder.

31. Mr. Paredes, however, has failed to pay all monies due from BES to TV Glass under the Settlement Agreement as unconditionally required his Personal Guaranty.

32. As a direct and proximate result of Mr. Paredes's breach of his personal guaranty of the Settlement Agreement, TV Glass has suffered damages.

33. Mr. Paredes is liable to TV Glass for the entire amount of the balance of the Settlement Consideration, $349,528.48 plus all liquidated damages, all of which accrue interest at

---

[12] *See* Settlement Agreement at p. 6.

the rate of eighteen percent (18%) per annum.

**WHEREFORE**, TV Glass demands judgment against Mr. Paredes for compensatory damages in the amount of $349,528.48, plus liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and all such other and further relief as the Court deems just and proper.

Dated: November 19, 2021                         Respectfully submitted,

                                 By:   /s Lorenz Michel Prüss
                                    Lorenz Michel Prüss, Esq.
                                    Fla. Bar No.: 581305
                                    Lpruss@dkrpa.com
                                    Alexander Manuel Peraza, Esq.
                                    Fla. Bar No.: 107044
                                    Aperaza@dkrpa.com
Secondary Email:   Vceballos@dkrpa.com
                                    Mlopez@dkrpa.com
                                    Dimond Kaplan & Rothstein, P.A.
                                    2665 South Bayshore Drive, PH-2B
                                    Miami, Florida  33133
                                    Telephone:   (305) 374-1920
                                    Facsimile:    (305) 374-1961
                                    *Counsel for TV Glass*